Austin *v.* Harbin.

AUSTIN   *v.*   HARBIN.

• (*Knoxville.*    November  13,  1895.)

1. COURT OF CHANCERY APPEALS.  *Decree based upon opinion signed by majority valid.*

   A decree of the Court of Chancery Appeals which recites a hearing and concurrence by the full Court, is not erroneous and reversible, because the opinion and finding of facts upon which the decree is based was signed by only two judges.  Nothing in the Constitution or statutes requires the signing of the opinion or the concurrence of more than a majority therein. (*Post, pp. 599–601.*)

   Constitution construed: Art. VI., § 2.

   Act construed: Acts 1895, Ch. 76.

2. SAME.   *Finding as to fraudulent conveyance construed.*

   A finding that a deed was made with fraudulent intent by the grantor, but that the vendee paid the full consideration, and was ignorant of the indebtedness of the grantor, sufficiently shows that the vendee acted *bona fide*, and without notice of the grantor's fraudulent intent, although it was not so found in express terms.   (*Post, pp. 601–604.*)

FROM   GRAINGER.

Appeal  from  Chancery  Court  of  Grainger  County. H.  G.  KYLE,  Ch.

GREEN  &  SHIELDS  and  SHIELDS  &  MOUNTCASTLE for  Creditors.

ALLEN S. TATE and CARRIGER & HICKEY for Harbin.

WASHBURN, PICKLE & TURNER and ALLEN S. TATE for Hague.

WILKES, J.    The bill and cross bill in this cause were filed to set aside, for fraud, a deed made by Harbin to Hague.    The Chancellor sustained the bill and cross bill, and set aside the deeds, and Hague, the vendee, alone appealed and assigned errors.    The cause has been heard by the Court of Chancery Appeals, and two of the members of that Court have signed a written finding that there was no fraud in the transaction, and that Court reversed the decree of the Chancellor, and the attacking creditors have appealed to this Court.

It is insisted that there was error in the Court of Chancery Appeals pronouncing a decree on the rights of the parties, based on a finding of facts concurred in by only two members of that Court. The gist of the contention is that, under Art. VI., Sec. 2, of the Constitution of Tennessee, it is provided that the concurrence of three of the Judges of the Supreme Court shall, in every case, be necessary to a decision, and, hence, the Court of Chancery Appeals, exercising the jurisdiction of a Court of last resort, has no power to decide the facts of a case unless it is concurred in by all three of the members of that Court; that the Act creating the Court does not provide that the decision of a ma-

jority shall be conclusive, and, hence, by implication, all the Judges of that Court must concur; but, if it did provide for a majority, expressly or by implication, it would be in contravention of the provisions in the Constitution.

Looking to the decree of the Court of Chancery Appeals, we find that it recites that the cause was heard by the three members of the Court. The opinion filed, however, shows that it was signed by only two members of the Court. There is no intimation that the other member dissented, but it appears that he simply failed to sign the report of finding and the opinion, as presented and reduced to writing.

It is proper to remark that if the contention of appellant is well taken, and it is necessary for it to appear that three Judges signed the written finding, then it follows that the opinion and finding is incomplete and the decree upon it is not final and the appellant's appeal is premature and the cause must be remanded for the action of all the Judges of the Court of Chancery Appeals.

We are, however, of opinion that the contention is not grounded upon a sound basis. There is nothing in the Act which requires the written findings and opinion to be signed by anyone, and the decree shows a hearing by all the members. The constitutional provision referred to, and the statute passed in accord therewith, applies alone to the Supreme Court, and it is only when cases come before the

Supreme Court for adjudication that they do apply. The jurisdiction of the Supreme Court is appellate only, under such restrictions and regulations as may from time to time be prescribed by law, and there is nothing in the Constitution that prohibits the Legislature from creating a tribunal whose finding of facts shall be conclusive. The Supreme Court makes a final determination of cases upon the law and facts, and this Act creating the Court of Chancery Appeals does not make the decision of that Court final, except as to fact, leaving the case still open to appeal upon the law and the facts as found by that Court. The provisions of the Constitution and statute apply alone to the Supreme Court, and not to any other Court, and the Act creating the Court of Chancery Appeals does not in anywise attempt to make any rule for the determination of causes in this Court different from those provided by the Constitution and Act. While the Act creating the Court of Chancery Appeals does not prescribe, in express terms, that a majority of the Court concurring may find the facts and that such finding will be conclusive, such a rule arises by necessary implication; otherwise, when there was a division of opinion there could be no finding or adjudication. We are of opinion, therefore, that the finding of a majority of that Court is legal and conclusive in the same manner as when the finding and opinion is signed by the whole Court, and this error is not well assigned.

It is next insisted that the Court of Chancery

Appeals erred in holding the conveyance fraudulent, and it is insisted that this Court can examine all the facts and pass upon the question of fraud *de novo* in cases where the three Judges of the Court of Chancery Appeals have not concurred. It is only necessary to say that the finding of that Court upon the facts, if valid at all, is binding and conclusive on this Court, and, having already held that the facts may be found and report signed by two members, or a majority of the Court, without the signature of the third member, this assignment need not be further noticed.

It is next said that, conceding the facts to be as found, the Court erred in finding the conveyance to be fraudulent and void as a matter of law. The Court of Chancery Appeals held that, as to Harbin, the grantor, there could be no question but that the deed was fraudulent, because it was made by him with fraudulent intent, but they also held that Hague, the vendee, paid a full consideration and was ignorant of the indebtedness of the grantor, Harbin, and it is objected that the Court of Chancery Appeals did not find whether Hague, the grantor, had notice of Harbin's fraudulent intentions, or had knowledge of such facts as would have enabled him to ascertain such facts and put him on inquiry as to them, and that the facts are such that Hague must have known of Harbin's fraudulent intentions in disposing of his property. The Court of Chancery Appeals was of opinion that the facts were

calculated to arouse suspicion, but not to prove fraud against Hague, and they cite the following facts as convincing to them that the deed was not fraudulent:

1. That Hague knew nothing of Harbin's indebtedness, or of any cause for his being desirous to commit a fraud on his creditors.

2. That he was a stranger to Harbin, and no reason is shown why he should enter into a scheme with him to defraud his creditors, and that the consideration was fully paid—in cash $1,775 and note for $300, the full value of the property.

On the other hand, it is insisted that Harbin was a broken country merchant; that Hague bought his farm, though he had never seen it, and Harbin was a stranger; that he left Harbin in possession, as his tenant; and other suspicious facts are cited, all of which the Court of Chancery Appeals fully considered and passed upon in rendering their finding and opinion.

We can see no question of law involved in this matter, but purely questions of fact and inferences from facts, upon which that Court's conclusion is final. The Court of Chancery Appeals was of opinion that Hague, the vendee, did not participate in the fraudulent intentions of Harbin, and did not collude with him to defraud his creditors, and this is the pivotal point in the case. It is objected that the Court of Chancery Appeals did not find, in express terms, that Hague acted *bona fide* in the matter, and without notice of Harbin's fraudulent

intent. This, we think, is clearly the substance and effect of their finding, though they do not use the exact words, and is conclusive on the question of fraudulent intent.

We see no error in the decree of the Court of Chancery Appeals, and it is affirmed.