## BANK *v.* EVANS.

### (*Nashville.* January 8, 1896.)

1. ATTACHMENT. *Concealment as grounds for.*

   That concealment of a debtor which will justify an attachment of his property under § 4192 (M. & V.) Code must be clandestine and intentional and for the purpose of evading service of legal process. (*Post, p. 703.*)

   Code construed: § 4192 (M. & V.); § 3455 (T. & S.).

   Case cited and approved: Bennett *v.* Avant, 2 Sneed, 151.

2. COURT OF CHANCERY APPEALS. *What is a finding of fact.*

   The finding by the Court of Chancery Appeals that a debtor concealed himself clandestinely and intentionally and for the purpose of evading the service of process so as to justify an attachment of his property under § 4192 (M. & V.) Code, though deduced as an inference from other facts and circumstances set out in the opinion, is such finding of fact by that Court as is conclusive upon this Court, and precludes inquiry as to the correctness of the inference drawn. (*Post, pp. 705, 706.*)

   Act construed: Acts 1895, Ch. 76, Sec. 11.

---

#### FROM SUMNER.

---

Appeal from the Chancery Court of Sumner County. J. S. GRIBBLE, Ch.

WILSON & PARDUE and C. R. HEAD for Bank.

DISMUKES & SEAY for Evans.

McAlister, J.   This is an attachment bill, filed
in the Chancery Court of Sumner County, for the
purpose of· subjecting a storehouse and stock of
groceries to the satisfaction of complainant's debt.
The ground laid for the attachment was that the
defendant was concealing himself so that the ordi-
nary process of law could not be served upon him.
A plea in abatement was filed by Evans traversing
the ground of attachment.   The Chancellor decreed
that the plea was not supported by the´ evidence,
and sustained the attachment.   Defendant appealed,
and the decree of the Chancellor was affirmed by
the Court of Chancery Appeals.  ˙ The case is now
before this Court upon the appeal of the defendant.

The only question presented for determination is
whether, upon the facts, the defendant was conceal-
ing himself so that the ordinary process of law
could not be served upon him.   The uniform con-
struction of this statute (Subsec. 4, § 4192, M. &
V. Code) by this Court is that it contemplates a
clandestine and intentional concealment, so as to avoid
legal process.   *Bennett* v. *Avant*, 2  Sneed,  151.
The Court of Chancery. Appeals so construed the
statute.   That Court, through Judge Barton, found
the facts to be "that the defendant, Evans, was
doing business in the town of Gallatin as a retail
grocery merchant; that he had become embarrassed,
and was being pressed to some extent by his credit-
ors; that, on April 17, 1893, he left Gallatin, leav-
ing the store in charge of two clerks, and telling

one of his clerks that he was going to Nashville, and would be back that evening, but he remained away for some two weeks. Failing to return as promised, his wife and his nephews, becoming uneasy, came to Nashville, and, with the assistance of a detective, made an unsuccessful search for him, and, hearing no tidings, returned to Gallatin. Whereupon, on April 21, four days after his departure, his creditors, believing him to have absconded, sued out attachments against his property. The defendant's explanation of the matter is, that he came to Nashville on business, for the purpose of seeing certain creditors and arranging matters with them. Upon reaching Nashville, he unfortunately became intoxicated to such an extent that he was utterly oblivious of all moral and social obligations, and remained in that condition for probably two weeks. It is insisted in his behalf that this temporary withdrawal and absence from his usual walks of life, without the knowledge or consent of his family or creditors, was not with any purpose or intent of concealing himself or of avoiding legal process. Defendant left on Monday evening. On the morning before he left he told the clerk in charge that he was going to town and go down in the country. In the afternoon he seems to have changed his mind, and told his clerk he was going to Nashville, and would be back that night at eight or nine o'clock. He took with him what money he had on hand—some $235. He also procured an attorney to accompany him to

Nashville, for the purpose, as he says, of drawing up an assignment in case he did not succeed in making a satisfactory arrangement with his Nashville creditors. · He had previously given some checks on the complainant's bank which he had dated ahead, and which he did not have the funds in bank to meet. He had overdrawn his account in bank some $726.43, and had promised, some days before, to make his account good by the Saturday before or certainly on Monday, the day he left. After reaching Nashville, he disappeared so effectually, for a week or ten days, that none of his creditors were able to hear of his whereabouts." The Court of Chancery Appeals set out other facts and circumstances touching the disappearance of the defendant, but we have stated the main features of their report. The inference drawn by the Court of Chancery Appeals from these findings of fact is, that the defendant had intentionally concealed himself to avoid the ordinary process of law, and they discard the explanation of defendant that he was intoxicated to such an extent that he was incapable of appreciating his situation.

The only question we are asked to decide is, whether the Court of Chancery Appeals was warranted, upon the facts found by them, in deducing an inference of intentional concealment on the part of defendant, Evans. This is obviously such a question as we are precluded from reviewing, in view of the statutory jurisdiction conferred upon that

Court as the final arbitrators of facts in equity causes assigned them by this Court. The jurisdiction of that Court is not limited to a determination of the probative effect of direct testimony, but it is within their province, like that of a jury, to make all legitimate and reasonable inferences in respect of intent from facts and circumstances put in evidence. As stated by Mr. Elliott in his General Practice, Vol. I., Sec. 435: "Intent, purpose, or design is a question of fact for the jury. . . . Thus, the question of the intent with which a person accused of burglary entered the house is for the jury; so is the intent of one charged with conspiracy, obtaining money under false pretenses, and the like. The rule is the same in civil actions. The question of domicile, of the revocation of a will, and of dedication are usually questions of fact, or of mixed questions of law and fact, to be determined by the jury; and so are questions of intent to abandon a homestead, to evict a tenant, and the like," etc.

It is the opinion of this Court that the finding of the Court of Chancery Appeals in respect of the intention of the defendant, Evans, in concealing himself, is not a conclusion of law, but an inference of fact, which that Court had the exclusive right to draw, upon the facts found in the record, and which is binding upon this Court.

The decree is therefore affirmed.