## HUGHES v. POWERS.

*(Knoxville.* October 16, 1897.)

1. REGISTRATION. *Notation of deeds.*

When ditto marks are used in the notation of a deed for registration, they will be read as a repetition of the words immediately above them. While notations in which ditto marks are used are held valid, the practice is strongly disapproved. (*Post, pp. 482–485.*)

Code construed: § 567 (S.); § 529 (M. & V.); § 454 (T. & S.).

2. SAME. *Same.*

A deed becomes effective against the vendor's creditors from the date of its notation for registration, although it may remain in the Register's office, without being in fact registered, for a long period, and until the vendor's creditors have attached the land conveyed. (*Post, pp. 485, 486.*)

Code construed: §§ 3749, 3750 (S.); §§ 2887, 2888 (M. & V.); §§ 2072, 2073 (T. & S.).

Cases cited and approved: Flowers v. Wilkes, 1 Swan, 408; Swepson v. Bank, 9 Lea, 714; Woodward v. Boro, 16 Lea, 678; Boyce v. Stanton, 15 Lea, 399.

3. DEED. *Certificate of acknowledgment.*

A certificate of acknowledgment attached to a deed, in the statutory form, except that the words, "who acknowledged his signature to the annexed deed for all the purposes therein expressed," are used instead of the statutory words, "who acknowledged that he executed the within instrument for the purpose therein contained," is sufficient, though the departure from the statutory form is deprecated. (*Post, p. 485.*)

Code construed: §§ 3712, 3713 (S.); §§ 2850, 2851 (M. & V.); §§ 2038, 2039 (T. & S.).

Case cited and approved: Davis v. Bogle, 11 Heis., 315.

4. COURT OF CHANCERY APPEALS. *Conclusiveness of its findings.*

The finding of the Court of Chancery Appeals that a deed was not withdrawn from the Register's office after its notation and before its registration, is conclusive upon this Court. (*Post*, *p. 486.*)

Act construed: Acts 1895, Ch. 76.

Cases cited and approved: Austin *v.* Harbin, 95 Tenn., 601; Bradshaw *v.* VanValkenburg, 97 Tenn., 317; Railroad *v.* Knoxville, 98 Tenn., 1.

·5.. GARNISHMENT. *Of indebtedness evidenced by negotiable notes ineffectual.*

A garnishment is properly discharged where the garnishee's acknowledged indebtedness is evidenced by his negotiable notes, which are not surrendered, and whose owner is not shown, and as to which no indemnity is given or offered to the garnishee. (*Post, pp. 486, 487.*)

Code construed: § 5255 (S.); § 4236 (M. & V.); § 3495 (T. & S.).

Cases cited and approved: Huff *v.* Mills, 7 Yer., 42; Turner *v.* Armstrong, 9 Yer., 412; Daniel *v.* Rawlings, 6 Hum., 404; Pickler *v.* Rainey, 4 Heis., 341; Matheny *v.* Hughes, 10 Heis., 404.

---

## FROM CLAIBORNE.

---

Appeal from Chancery Court of Claiborne County. HUGH G. KYLE, Ch.

HUGHES & DAVIS for Hughes.

FULKERSON & TREECE for Marsee.

CALDWELL, J.   This is an attachment and garnishment bill, whereby the complainants, Hughes & Davis, sought to collect a debt of $246 from the defendant, David Powers.   An attachment was levied

15 P—31

on a tract of land described in the bill, as the property of Powers, the debtor. He permitted the bill to be taken for confessed as to himself; but C. M. Marsee, the garnishee, filed an answer, in which he averred that he purchased the land attached from Powers, and took his deed thereto long before the filing of the bill; that he executed to Powers two negotiable notes for $500 each, as part consideration for the land, and that those notes were still outstanding and unpaid, but in whose hands he did not know. On final hearing the Chancellor pronounced a decree against Powers for the amount of the debt claimed, and then discharged both the attachment and the garnishment. The Court of Chancery Appeals affirmed the decree of the Chancellor, and the complainants have appealed again.

1. Marsee's deed from Powers was in apt and appropriate language, and covered the land attached. It was dated and acknowledged on the fourteenth day of August, 1895, and the attachment was levied on the tenth of December, 1896. Marsee averred in his answer that his deed was duly noted for registration on the second day of December, 1895. Whether or not this was, in fact, true, was the principal question before the Chancellor, and in the Court of Chancery Appeals, and it is the most important matter to be decided by this Court.

"On the note book in the office of the Register of Claiborne County (where the land lies), at page 68, in the proper columns, the following entries appear:

Hughes *v.* Powers.

| | | | |
|---|---|---|---|
| 1895. Dec. 2, 8 A.M. | W. H. Lanham. | B. C. Brooks. | Warranty deed. |
| " " 10 " | David Powers. | C. M. Marsee. | Qt. C. |
| " " " " | " | " | Warranty deed" |

These entries were made by the Deputy Register at the times they purport to have been made. The last line refers to the deed here involved, and was intended as a notation for registration. The ditto marks furnish the subject of controversy. Marsee contends that they are to be read as a repetition of what appears on the line above them. Complainants insist that they are not a part of the English language, and should be ignored altogether as without intelligible meaning.

If Marsee's contention be adopted, the entry, when read in connection with the headings of "the proper columns," as it should be, would be as follows:

| Date of Reception. | Grantors. | Grantees. | Kind of Instrument. |
|---|---|---|---|
| 1895. Dec. 2, 10 A.M. | David Powers | C. M. Marsee | Warranty deed. |

On the other hand, if the insistence of complainants prevails, the entry would appear thus:

| Date of Reception. | Grantors. | Grantees. | Kind of Instrument. |
|---|---|---|---|
| | | | Warranty deed. |

the line intended to refer to the particular deed being entirely blank, except in the column indicating the nature of the instrument. The former

view is the correct one. These marks are in general use, and are generally well understood. They are as much a part of the English language as are punctuation marks, such as the comma, semicolon, colon, and period. These are often given an important, and sometimes a controlling, part in the construction of general writings, and in the interpretation of legal documents and of statutes and constitutions. The notation is sufficient, and gave the deed effect against the creditors of the vendor from the date of noting, though the deed was not, in fact, registered until after the complainants filed their bill. Code, §§ 2072–73; M. & V., §§ 2887–88; Shannon, §§ 3749–50; *Flowers* v. *Wilkes*, 1 Swan, 408; *Swepson* v. *Bank*, 9 Lea, 714; *Woodward* v. *Boro*, 16 Lea, 678; *Boyce* v. *Stanton*, 15 Lea, 399.

The six columns of a Register's note book, as indicated by the statute (Code, § 454; M. & V., § 529; Shannon, § 567), are (1) "Date of Reception," (2) "Grantors," (3) "Grantees," (4) "County," (5) "No. of Acres," (6) "Fees Received." It will be observed that the "Kind of Instrument" is not embraced in these headings, and also that the noting of Marsee's deed, so far as copied into this record, does not show any entry under the headings "County," "No. of Acres," and "Fees Received." There is no objection or suggestion, however, that appropriate words and figures were not in fact entered under the three headings last named. The controversy in relation to the notation is confined to the ditto marks.

These, as has been seen, should be read as a repetition or reproduction of the words and figures in the line above them. It should be remarked, in passing, that the use of such marks upon public records is not commended, but strongly disapproved.

2. The County Court Clerk's certificate of acknowledgment, attached to the deed, pursued the statutory form (Code, § 2042; M. & V., § 2855; Shannon, § 3717) with verbal accuracy, except that, instead of the statutory words, "who acknowledged that he executed the within instrument for the purposes therein contained," it used the words "who acknowledged his signature to the annexed deed for all the purposes therein expressed." The substituted words are equivalent in meaning to those of the statutory form omitted, hence, the certificate was good (*Davis* v. *Bogle*, 11 Heis., 315), and authenticated the deed for notation and registration. Code, §§ 2038, 2039; M. & V., §§ 2850, 2851; Shannon, §§ 3712, 3713. It is unwise, however, for those before whom acknowledgments are made to depart from the language of the statute in any particular. All departures are regarded with disfavor, as tending to destroy uniformity and hazard important rights.

3. Though Marsee's deed was noted for registration about sixteen months before the complainants caused their attachment to be levied on the land, it was not actually registered until eleven days after the levy was made.

The complainants contend that Marsee withdrew

his deed from the Register's office after the notation, and kept it in his own possession until after the levy of the attachment, and that he thereby lost all advantage of the notation, however efficacious in the first instance, and left the land open to seizure by the creditors of Powers, the vendor.

It was held in the case of *Hickman* v. *Perrin*, 6 Cold., 135, that such was the effect of a withdrawal and withholding of a deed after notation and before registration, when the act was purposely done by the beneficiary in the deed.

But the Court of Chancery Appeals found, as a fact, that the evidence was insufficient to show that Marsee withdrew the deed at all, or that it was not really in the Register's office from the time of notation until after it was registered.

That finding is conclusive (Acts 1895, Ch. 76, Sec. 11; *Austin* v. *Harbin*, 95 Tenn., 601; *Bradshaw* v. *Van Valkenburg*, 97 Tenn., 317; *Railroad* v. *City of Knoxville*, 98 Tenn., ——, and being so, it affords a complete answer to the contention.

4. The garnishment was rightly discharged, because the garnishee's acknowledged indebtedness was evidenced by negotiable notes, which were not delivered, whose owner was not shown, and as to which no indemnity was given or offered to the garnishee. To have entitled the complainants to a decree against the garnishee by reason of such outstanding notes, it was incumbent on them to deliver the notes themselves, or to give him complete in-

Hughes *v.* Powers.

demnity. Code, § 3495; M. & V., § 4236; Shannon, § 5255; *Huff* v. *Mills*, 7 Yer., 42; *Turner* v. *Armstrong*, 9 Yer., 412; *Daniel* v. *Rawlings*, 6 Hum., 404; *Pickler* v. *Rainey*, 4 Heis., 341; *Matheny* v. *Hughes*, 10 Heis., 404. They did neither.

Affirmed.