McQuade *v.* Williams.

McQUADE *v.* WILLIAMS.

(*Knoxville.* October 8, 1898.)

1. RES ADJUDICATA. *Facts that do not constitute.*

A judgment creditor's suit, attaching his debtor's shares of stock upon the ground that they have been fraudulently transferred, cannot be defeated by the fact that he had been cast in a former suit, wherein he had sought to enforce against his debtor and the corporation title to said shares, acquired by purchase at execution sale, which was based upon a levy rendered invalid by reason of an existing pledge of the shares. (*Post, pp. 335–337.*)

Case cited: Boyd *v.* Robinson, 93 Tenn., 2.

2. COURT OF CHANCERY APPEALS. *Findings conclusive, when.*

The finding of the Court of Chancery Appeals, that a transfer of shares of stock is fraudulent and void, is a finding of fact that is conclusive in this Court. (*Post, p. 337.*)

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

FRANK SPURLOCK and T. C. LATIMORE for Mc-Quade.

CANTRELL & McREYNOLDS, MOON, DANIELS & GARVIN, and M. H. CLIFT for Williams.

WILKES, J.. This is a suit by a judgment creditor to subject to attachment and sale fifteen shares of stock of the Chattanooga Opera House Company,

as the property of J. T. Williams. The Chancellor granted relief, and the Court of Chancery Appeals affirmed the Court below, and defendants have appealed, and assigned errors.

The first error complained of is that the matters presented in the controversy are *res adjudicata,* and the Court of Chancery Appeals should have so held. It appears that on November 18, 1891, the complainant, having a judgment against J. T. Williams, levied on this stock by execution at law, and sold it, and bought it at the Sheriff's sale. In January, 1895, he filed a bill, and alleged that when he levied upon this stock, and when he sold it, it was under pledge to a third person, and hence he had failed to get any title, but that the debt for which the stock was pledged had been since satisfied, and that Williams, the debtor, had transferred the stock to Kittie E. Loyd, without consideration, and the Court was asked to declare that transfer void, and to compel the corporation to issue the stock to him. The answers in the case denied the case as made out by the bill, insist that the levy and sale were void, but that Kitty Loyd had title to the stock under the transfer, and had paid full consideration for it. The special Chancellor in that case held that the complainant took nothing under his levy, because the stock at the time was under pledge. It thus appears that the only question adjudicated in that case was the title and right acquired by complainant by virtue of his levy and sale under exe-

cution. The right to subject the property by attachment, and to set aside the sale for fraud, in fact, were not passed upon or considered.

It is insisted, however, that the decree in that case must, under well-known rules, be held conclusive, not only of all facts and issues presented, but also of all issues and facts that might have been presented, and we are cited to *Boyd* v. *Robinson*, 9 Pickle, 2, and other cases holding this doctrine.

The language used in the Boyd case, is " that the decision is conclusive on every point which properly belongs to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward at the time." Tried by this rule, the decision cannot be treated as conclusive, because the first case in no sense involved the right to proceed to subject the stock by attachment, but it was solely a suit in aid of the sale under execution. The fraudulent character of the transfer could not have been considered, because the complainant, while seeking to hold under an execution sale, absolutely void, had no status to question the good or bad faith of the transfer to Kitty E. Loyd, and did not attempt to do so, except that it was not based on any consideration and was null and void as to his levy and sale. Complainant could have questioned Kitty E. Loyd's title only by showing that he acquired title under his sale. Otherwise he had no status to contest. It is said the Court of Chancery Appeals erred, as

McQuade *v.* Williams.

a matter of fact, in holding that the original cause was pending when the present bill was filed, when such was not the fact, and this, it is claimed, appears from the record in this case. We need not pass on this, inasmuch as it is immaterial to the rights of defendants. The Court of Chancery Appeals treat the defense made as that of *res adjudicata*, and find against the defendants. Now, if the former suit were pending, and not determined, the defense should not have been that of *res adjudicata* or former judgment, but that of former suit pending, and in either event, the record fails to show a former suit involving the same questions, either pending or determined.

This disposes of the only assignment made to the decree of the Court of Chancery Appeals in proper manner. There is a general statement that for other errors reference is made to the original assignment before the Court of Chancery Appeals. It is there assigned that the Chancellor was in error in holding that the transfer from Williams to Kitty E. Loyd was fraudulent and void. This is a question of fact, and the finding of the Court of Chancery Appeals is conclusive. We see no error in the decree of the Court of Chancery Appeals, and it is affirmed with costs.