SAWYERS *v.* SAWYERS.

(*Nashville.* March 16, 1901.)

1. CHANCERY PLEADING AND PRACTICE. *Reading co-defendant's answers against each other.*

The general rule that the answer of one defendant cannot be read against another is subject to the exception, among others, that any defendant's answer may be read against a co-defendant who claims through or under him. But this exception has no application where the defendant, whose answer is offered against a co-defendant, had, at the time of his answer, parted with all interest in the property involved, and was without interest in the result of the suit, and perhaps not a necessary party, while the co-defendants to be affected asserted title to the property, and were infants whose rights had, by their answer, been committed to the protection of the Court. (*Post, pp. 598–605.*)

Case cited: Turner *v.* Collier, 4 Heis., 95.

2. COURT OF CHANCERY APPEALS. *Effect of findings.*

The finding of the Court of Chancery Appeals that a proposition of fact is or is not sustained, which the law requires to be supported by clear and satisfactory evidence, is conclusive and irreversible in the absence of any showing that the Court did not properly apply the rule as to the *quantum* of evidence. (*Post, pp. 603, 604.*)

3. SUPREME COURT. *Remanding case for proof.*

Where court and counsel erroneously assumed the competency of the answer of one defendant against his co-defendants, and a decree based on such answer was rendered for complainant, this Court, upon reversal of such decree and holding such answer to be incompetent, will remand the cause for the taking of further evidence. (*Post, pp. 605, 606.*)

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

WM. G. BRIEN for J. C. Sawyers.

JAMES P. ATKINSON for J. G. Sawyers.

ROBT. O. ALLEN for Guardian *ad litem*.

MORRIS & TURNEY and WM. T. TURLEY for Minors.

WILKES, J. This is a bill to reform and correct a deed made by J. G. Sawyers to his son, the complainant, J. C. Sawyers, and to his wife and minor children.

The bill is filed by the son against his wife, his father, and minor children. The wife and father filed answers in which they admitted the allegations of the bill, and assented to the relief sought. The minors filed a formal answer by their guardian *ad litem,* and submitted their rights and interests to the care of the Court. The Chancellor upon hearing granted the relief sought, and reformed the deed, but not strictly in accord with the prayer of the bill. The decree granting the relief and reforming the deed was entered on August 13, 1894. The minor defendants have now brought the decree and proceedings before this Court upon a writ of error, and the cause has been heard by the Court of Chancery Appeals, which Court reversed the action and decree of the Chancellor and dismissed the bill, denying all relief, and the complainant has appealed to this Court and assigned errors.

The case as presented by the bill is that J. G. Sawyers, the father, made a deed to J. C. Sawyers and his wife and children on December 25, 1890; that it was his intention to vest the entire interest and a fee simple title in the son, but by mistake of the draftsman of the deed, and unknown to the grantor, J. G. Sawyer, the title was vested in the son and his wife and children as tenants in common, for the life of the son and his wife, or the survivors of them, to be used by them as a home, and the rents and profits to be used by them as a family, with remainder to their children or the issues of their children. The complainant charges that this was done by mistake, and upon the ground of mistake the deed is sought to be reformed and corrected. Some objections to the proceedings were made in the Court of Chancery Appeals, which were disposed of by that Court, and need not be further considered by this Court, and there are virtually but two assignments that are to be considered by this Court. The first assignment we will consider is thus stated:

The Court of Chancery Appeals erred in not finding that the answer of J. G. Sawyers was admissible as evidence, and conclusive upon the minor defendants. The real finding of the Court of Chancery Appeals is that the statements of J. G. Sawyers in his answer are not admissible against the minor defendants as evidence to affect

their title; but that Court also finds that there is nothing in the record to show . that it was specially offered as evidence, but simply that the cause was heard upon the bill, answers, proof, etc. In the same connection that Court reports that the answer could only be regarded as an admission by one defendant, made years after the transaction, and when he had no interest in the land, and no special interest in the controversy. That Court further reports that if this statement had been made in the shape of a deposition with opportunity for cross-examination, it would have been strong evidence for the complainant, and if there was nothing to contradict it, would have been sufficient to establish the fact. But that the admissions of the grantor, J. G. Sawyers, made years after he had parted with the possession of the land, could have no probative effect against the minors to whom his conveyance had given a remainder interest, and that there is no other evidence sufficient to reform the deed.

The contention before us is that the Court did not give the proper weight and probative force to this answer, and that if it had been given its proper effect the case would have been made out for a reformation and correction of the deed.

The general rule in chancery is that the answer of one defendant cannot be read against another. There are, however exceptions to this

rule. They are laid down in *Turner* v. *Collier,* 4 Heis., 95, and may be summarized under these heads:

1. Where the co-defendant claims through the person whose answer it is proposed to read.

2. When the co-defendants are jointly interested as partners or otherwise.

3. When the respondent refers in his own answer to that of his co-defendant for further information.

This general rule and exceptions are taken from Greenleaf on Evidence, Vol. 3, page 283. We need only notice the first exception, as manifestly the other two do not apply in the present case.

We think there is, and must necessarily be, a difference in the weight and probative force of an admission in the answer of a co-defendant and the deposition of such co-defendant. In the former case the statement is *ex parte,* and in the latter there is full opportunity for cross-examination and the application of such tests as are practicable to detect the falsity of such statement. In the case of minors who are to be adversely affected the rule should be still more strongly drawn, since an agreement between the plaintiff and defendant solemnly entered into would not be allowed *ipso facto* to prejudice their rights. The strength of such admission must also depend largely upon the circumstances of each case. It may be that there is no antagonism between the

parties, but their interests and wishes in the matter may be the same. In such case the statement of the defendant can scarcely be called an admission, which implies some concession against the interest of the party making the statement, but it is rather an affimation or verification of the statement made by the plaintiff. Now, in the present case, the statement made by the father, J. G. Sawyers, was in no sense a concession or admission against his interest or affecting him in any way adversely, as he had long since parted with the possession and title to the property, and had no interest whatever in it. It was not an admission made while he was the owner of that property, but after he had divested himself of all interest in it, and his evident desire appears to be to aid the complainant in his contention; still it was a matter of vital interest and importance to his minor co-defendants, inasmuch as their rights are sought to be swept away by this statement. It can be seen at a glance how important it was to these minors that their co-defendant should be rigidly cross-examined and questioned as to why it was the deed was drawn vesting the children with an interest in the land with so much particularity of detail and nicety of provision, and he could have been asked who wrote the deed, and what instructions were given about writing it, and other details absolutely necessary for the protection of the interests of these minors.

In Beach on Modern Equity Practice, Sec. 799, it is said: "There can be no valid decree binding the interest of any infant defendant without proof, although his co-defendant and the complainant agree as to the facts." See to the same effect Ency. Pl. & Pr., Vol. 10, p. 689; same, Vol. 1, p. 955.

We need not specially pass upon the assignment of errors that the evidence outside of the answer is not sufficient to warrant the correction. This is a question of the quantum of evidence upon a matter of fact, and comes within the exclusive province of the Court of Chancery Appeals upon the application of proper rules.

These rules are properly formulated by the Court of Chancery Appeals in their statement that the law requires the evidence to be clear and satisfactory in order to justify a reformation or cancellation of a deed for mistake. In the present case, excluding the answer of J. G. Sawyers, the grantor, there is no evidence upon which the Chancellor could have rested his decree except the statements of the two witnesses, J. G. Sawyers and his wife. But one other witness, Jackson, was examined, and he merely testifies that J. C. Sawyers claimed the land, improved it, and was in possession of it for a number of years. Indeed, the Chancellor appears to have based his decree upon the agreement between these parties, as the latter part of the decree recites that it is

framed as it is, the said J. G., J. C., and Emma A. Sawyers consenting thereto, as the real intention of the parties, it is so ordered and decreed.

Recurring again to the force and effect to be given to the answer of J. G. Sawyers, it is proper to say that it is merely formal and very meager, consisting of only five lines, and stating simply that the allegations of the bill are true, and that he is ready and willing that the title to the property shall be made according to the prayer of the bill.

This answer was filed in August, 1894, or about four years after he had parted with the title to the land in 1890, and when he had no interest whatever in it, no possession or right to its possession.

Mr. Greenleaf, after laying down the general exception that an answer of a defendant may be used as evidence against his co-defendant when the co-defendant claims under the party answering (1 Greenleaf's Evidence, Sec. 178), says: "The admissions which are thus receivable in evidence, must, as we have seen, be those of a person having at the time some interest in the matter afterwards in controversy in the suit to which he is a party.

"Sec. 179. This most just and equitable doctrine will be found to apply not only to admissions made by bankrupts and insolvents, but

to the case of vendor and vendee, payee and indorsee, grantor and grantee, and generally to be the pervading doctrine in all cases of rights acquired in good faith previous to the time of making the admissions in question." Sec. 180.

The principle is thus announced in Phillips on Evidence, Vol. 1, note 104, pages 255, 259, 262: "All the cases agree that declarations made by the person under whom the party claims after the declarant has parted with his right, are utterly inadmissible to affect any one claiming under him. And this rule applies even though they are sworn admissions in answer to a bill in chancery. *Doyle* v. *Sleeper,* 1 Dana's Rep., 531.

The competency of the admissions depends upon two matters: First, that they were made while the declarant had an interest; and, secondly, that the party to be affected claims under him. *Reed* v. *Dickey,* 1 Watts' Rep., 152-154; 2 Phillips on Evidence, p. 61; *Mosely* v. *Armstrong,* 3 Monroe, 287.

We are of opinion, therefore, that there is no error in the holding of the Court of Chancery Appeals, upon the record as now presented, that a case for reforming the original deed was not made out, and that there was error in the decree of the Chancellor in holding that it was. It appears, however, that Court and counsel were misled into treating the answer of J. G. Sawyers as evidence against the minors, and the de-

cree of the Court below was heard on this theory, and the decree of the Court of Chancery Appeals will be reversed and so far modified as to direct a remand of the cause to the Court below, to the end that further proof may be adduced to show the mistake made in the original deed, and the right of the complainant, J. C. Sawyers, to have the same changed so as to vest the title as prayed for in the original bill.

The costs of the writ of error and proceedings in this Court will be divided equally.