CHASE, Respondent, vs. MAXCY, Appellant.

*January 12—January 28, 1908.*

*Words and phrases: "Ditto marks:" Abbreviations: Tax deeds: Record.*

1. When "ditto marks" are used in general writing and legal documents and records they are to be read as a representation of what appears written above them and as meaning "the same as above."

2. On the occasion of receiving for record a tax deed, the register of Bayfield county did not write out in the general index book of his office the words "Bayfield county" as the grantor in the deed, but inserted in their place in the column headed "Grantors" what the trial court, from actual inspection of the original entry, declared to be ditto marks, the same being immediately under the words "Bayfield county," written on the line above that on which the abbreviation was inserted. In an action of ejectment plaintiff relied for his title on the record of such tax deed, the lands being and remaining vacant and unoccupied and the tax deed having been issued and recorded more than three years before the commencement of the action. *Held,* that no error was committed in awarding judgment in plaintiff's favor on the pleadings and findings stated in the opinion.

3. Abbreviations commonly in use in the English language may be used in general writing and legal documents and records as part of the English language.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action of ejectment. Both parties claimed title through tax deeds. The premises are vacant and unoccupied. Three tax deeds were issued to the plaintiff, all being recorded more than three years before the commencement of this action. Two of the deeds are void upon their face, but the court found that the plaintiff was the owner of the premises by virtue of the third tax deed, which was dated May 29, 1897, and was recorded December 29, 1897. The tax deed of the defendant is admitted to be void for irregularities not go-

ing to the groundwork of the tax on which it is based. Defendant objected to the offer in evidence of the index of grantors showing the recording of the deed, which is the basis of the court's finding in favor of plaintiff, for the reason that instead of the words "Bayfield county" being written in the column of the book headed "Grantors," there were a large and a small letter "u" under the words "Bayfield" and "county," which were written in this column on a line above. These marks were construed by the court to be ditto marks. Neither the original book nor a *facsimile* of these marks is part of the record before us. The requirement of the interlocutory judgment that the plaintiff make the payment to reimburse the defendant for his payments of the taxes and expenses incident thereto has been complied with. This is an appeal from the judgment in favor of the plaintiff.

The cause was submitted for the appellant on the brief of *A. W. McLeod,* and for the respondent on that of *John Walsh.*

Siebecker, J.  The only question raised is whether the trial court held correctly, under the provisions of sec. 759, Stats. (1898), that plaintiff's tax deed was properly recorded in the general index book. It appears that the register of deeds on the occasion of receiving plaintiff's tax deed on December 29, 1897, did not write out the words "Bayfield county," the grantor in the deed, but inserted in their place in the proper column what the trial court, after an actual inspection of the original entry, declared to be ditto marks, usually represented by a double comma. The court found this entry to be an abbreviation inserted in the column under the words "Bayfield county," which had been written on a line above the line whereon these abbreviations were inserted. When ditto marks are so used they are to be read as a representation of what appears written above them and as meaning "the same as above," and in this case they are the equivalent

of the words written above, namely, "Bayfield county." Abbreviations commonly in use in the English language may be used in general writing and legal documents and records as part of the English language. *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 110 N. W. 177; *Hughes v. Powers,* 99 Tenn. 480, 42 S. W. 1. We find nothing in the record justifying the claim that the marks in the index book were not ditto marks as found by the court.

The trial court properly awarded judgment in plaintiff's favor upon the pleadings and findings.

*By the Court.*—Judgment affirmed.